Slack *v.* Emery.

---

ANDREW SLACK

*v.*

ELIZABETH EMERY and others.

A mortgage and lease given to a wife as part of a family settlement, protected in equity by requiring payment out of the deceased husband's personal estate of a mortgage in suit for foreclosure, which, if foreclosed, would deprive her of her security.

---

Bill to foreclose. Cross-bill of Delilah Slack. On final hearing on pleadings.

Slack *v.* Emery.

*Mr. J. N. Voorhees* and *Mr. G. A. Allen,* for Andrew Slack, administrator.

*Mr. J. T. Bird,* for Delilah Slack.

THE CHANCELLOR.

Reeder T. Slack, who died July 24th, 1874, by his will, dated April 11th, 1860, after providing for the payment of his debts, gave to his wife, Delilah, the use, for life, of all his real and personal estate, with remainder to his three daughters, Anna Maria, Elizabeth and Emma Francis. Subsequently, and on the 19th of August, 1869, he, with his wife, gave to the Frenchtown Building and Loan Association a mortgage on a lot of land in the borough of French-town, to secure the payment of $200, with interest thereon, to be paid monthly, according to the conditions and by-laws of the association.   On the same day, he and his wife gave to the executors of Harmon Dilts, deceased, a mortgage on the same lot, to secure the payment of $720.48 one day after the death of Mrs. Slack.   On the 23d of August, 1869, he and his wife gave to John and William Chandler, children of Mrs. Slack by a former husband, a mortgage on the same lot, to secure the payment of $375.68 one day after the death of Mrs. Slack.   On the 4th of July, 1872, he and his wife leased to his daughter Anna Maria, the westerly half of the same lot, for the life of Mrs. Slack, reserving an annual rent of $60 during that period, payable to her, and they thereupon conveyed that half of the lot to his daughter Emma Francis, subject to the lease.   On the same day they conveyed the easterly half of the lot to Emma Francis, and she and her husband thereupon gave to Mrs. Slack a mortgage thereon, to secure the payment to her of $60 a year for her life.   On the same day Slack and his wife conveyed to his daughter Elizabeth a lot of land in Belvidere, and she then gave to Mrs. Slack a mortgage thereon, to secure to her the payment of $60 a year for life. Mr. Slack, by these conveyances, disposed of all his real estate.

On his death, letters of administration *cum testamento annexo.* were issued to Sylvanus D. Slack, the husband of Emma Francis. The estate has been settled. There is a balance of the personal estate in the administrator's hands of $819.91.

The mortgage given to the executors of Dilts was assigned, October 3d, 1876, to Andrew Slack, father of Sylvanus D. Slack, and the mortgage given to the building and loan association was assigned to him on the 7th of November following. On the 11th of January, 1877, he filed his bill in this court to foreclose the latter mortgage. On the 9th of April following, Mrs. Slack filed her cross-bill in the suit, praying that the debt which that mortgage was given to secure might be paid out of the personal estate of her husband remaining in the hands of his administrator, Andrew Slack, and Sylvanus D. Slack alone answered. A replication was filed. The cause was heard on the foregoing facts, which are admitted by the answer. The defendants, on the cross-bill, insist that, inasmuch as Mrs. Slack signed the mortgage to the building and loan association with her husband, she, under the circumstances, can set up no equity arising out of the family arrangement against it; that the mortgage having been given before that arrangement was made, she herself must be held to have accepted the arrangement, subject to the payment of the mortgage out of the mortgaged premises, and that she must have known the provisions of her husband's will, and that by it the personal estate went to her husband's daughters after her death. They further insist that it is to be presumed that the family arrangement was not intended to defeat or disturb the provisions of the will as to the personal estate of the testator; that as no claim was made by the holder of the mortgage to the building and loan association upon the estate of Mr. Slack in the hands of the administrator, it is now too late, in view of the fact that the usual rule to bar creditors was taken, and the time therein limited has expired, to make such claim; and, lastly, that the holders of the Dilts and Chandler mortgages have the same right to

payment of their mortgage debt out of the personal estate
as the holder of the mortgage given to the building and loan
association, and, as there is not enough personal estate left
to pay all of them, this court should not order the payment
of any of them out of it. None of these objections are
valid. The personal property is the primary fund for the
payment of the debts of the testator, in the absence of any
provision to the contrary in his will. *Whitehead* v. *Gibbons*,
2 *Stock*. 230; *Keene* v. *Munn*, 1 *C. E. Gr*. 398; *Thomas* v.
*Thomas*, 2 *C. E. Gr*. 356.

In this case there is no provision in the will to the con-
trary. I do not perceive any ground of equity in the case
arising out of the fact that Mrs. Slack joined with her hus-
band in executing the mortgage to the building and loan
association. The debt was her husband's debt, and is
secured by his bond. She has the right, under the circum-
stances, to demand that it be paid out of the personal prop-
erty. It is necessary that that be done in order to save her
mortgage on part of the mortgaged premises, and her rent
payable on the lease of the other part. The mortgage and
lease were, it is admitted, part of a family arrangement.
The deeds to the daughters were in consideration merely of
natural love and affection, and no question is made that by
the arrangement the testator intended to dispose of all his
real estate for the benefit of his children, securing to his
wife, by the rent and mortgage, the provision which it was
agreed in the arrangement should be made for her. Nor
does the fact that the holder of the building and loan asso-
ciation mortgage has not seen fit to have recourse to that
fund, deprive her of her equity. This court may compel
payment to him out of the personal estate. Neither does
the fact that the holders of the Dilts and Chandler mort-
gages, respectively, hold the bond of the testator for their
mortgage debt, and that those mortgages were both regis-
tered before the mortgages given to the building and loan
association, and are entitled to priority in payment over it,
affect the claim of Mrs. Slack to the equity. The holders

of those bonds have made no claim upon the personal estate, but propose, it appears, to look to the mortgaged premises for satisfaction of their mortgage debts. The fact that they have not proved their debts against the mortgagor's personal estate will not prejudice them in subjecting the mortgaged premises to the payment of their debts. 1 *Jones on Mort.* § 729. They make no opposition to Mrs. Slack's claim that the mortgage given to the building and loan association shall be paid out of the personal estate. Their mortgages are not due. They are not payable until after the death of Mrs. Slack. They do not imperil her security.

Mrs. Slack is entitled to the relief which she seeks by her bill.